UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Chang XIAO<br>Room 304, 591558 Nong, Kangqiao Rd.<br>Pudong District, Shanghi, China<br><br>      Plaintiff<br><br>v.<br><br>JEH CHARLES JOHNSON, Secretary<br>U.S. Department of Homeland Security<br>650 Massachusetts Avenue, NW<br>Washington, DC 20001<br><br>LEON RODRIGUEZ, Director<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Avenue, N.W.<br>Washington, DC 20529<br><br>KATHY A. BARAN, Director<br>U.S. Citizenship and Immigration Services<br>California Service Center<br>24000 Avila Rd.<br>Laguna Niguel, CA 92607<br><br>NICHOLAS COLUCCI, Chief<br>Immigrant Investor Program Office<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Avenue, N.W.<br>Washington, DC 20529<br><br>JAMES B. COMEY, Director<br>Federal Bureau of Investigation<br>J. Edgar Hoover Building<br>935 Pennsylvania Avenue, N.W.<br>Washington, DC 20535<br><br>      Defendants | Civil No.:_____<br><br>**COMPLAINT FOR<br>MANDAMUS AND<br>DECLARATORY<br>JUDGMENT** |

## COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT

The Plaintiff, CHANG XIAO, through undersigned counsel, complains of the

Defendants, JEH CHARLES JOHNSON, Secretary, U.S. Department of Homeland Security;

LEON RODRIGUEZ, Director, U.S. Citizenship and Immigration Services (USCIS); KATHY

A. BARAN, Director, USCIS California Service Center; NICHOLAS COLUCCI, Chief, USCIS

1

Immigrant Investor Program Office; and JAMES B. COMEY, Director, Federal Bureau of Investigation, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil action to compel agency action unreasonably delayed, pursuant to 5 U.S.C. § 555(b) and § 706(1) of the Administrative Procedure Act ("APA"), and petition for *mandamus* relief, pursuant to 28 U.S.C. § 1361 of the Mandamus and Venue Act of 1962.

2. Plaintiff made a qualifying $500,000 investment and filed a Form I-526, Immigrant Petition by Alien Entrepreneur, pursuant to Immigration and Nationality Act ("INA") §203(b)(5), 8 U.S.C. § 1153(b)(5), however, the Defendants have refused or willfully failed to process or adjudicate Plaintiff's Petition.

3. Defendants delay has caused Plaintiff's $500,000 investment to remain at risk and has deprived her of the opportunity to become a lawful permanent resident of the U.S, and potentially recoup her investment. Moreover, the longer the Plaintiff is forced to wait for an adjudication of her Petition, the longer her investment remains at risk and potentially subject to loss.

4. Plaintiff has made several (over ten) attempts to have Defendants adjudicate her Petition, including numerous case status requests. Defendants have refused to provide any substantive information regarding when Plaintiff can expect a decision on her Petition. Plaintiff has no other administrative remedies available to compel Defendants to act. Defendants' willful failure to adjudicate Plaintiff's Petition causes irreparable harm to Plaintiff by depriving her of the ability to pursue an employment-based, fifth-preference immigrant visa on the basis of her qualifying investment through the Immigrant Investor Program.

5. Defendants have continually refused or failed to perform statutory and regulatory duties owed to the Plaintiff. Accordingly, Plaintiff is seeking *mandamus* relief arising out of the unlawful and unreasonably delayed actions of the Defendants.

## II. PARTIES

6. Plaintiff, Chang Xiao, is a native and citizen of China. She currently resides in Shanghai, China. She filed her Form I-526, Petition by Alien Entrepreneur ("I-526 Petition"), with the United States Citizenship and Immigration Services ("USCIS") California Service Center on March 28, 2014. Plaintiff's spouse and two children were included as derivative applicants in this filing. *See Exhibit 1*.

7. Defendant, Jeh Johnson, is the Secretary of the United States Department of Homeland Security, whose office address is DHS, 245 Murray Lane, Building 410, SW, Washington, D.C. 20528.

8. Defendant, Leon Rodriguez, is the Director of United States Citizenship and Immigration Services ("USCIS"), whose office address is USCIS, 20 Massachusetts Avenue, NW, Washington, D.C. 20529. USCIS is the agency charged with, *inter alia*, the adjudication of applications and petitions for benefits provided under the Immigration and Nationality Act, including immigrant petitions such as the Form I-526 filed by Plaintiff.

9. Defendant, Kathy Baran, is the Director of the USCIS California Service Center ("CSC"), whose address is 24000 Avila Road, 2nd Floor, Room 2312, Laguna Niguel, CA 92677.

10. Defendant, Nicholas Colucci, is the Chief of the Immigrant Investor Program of the United States Citizenship and Immigration Services ("USCIS"), whose office address is USCIS, 20 Massachusetts Avenue, NW, Washington, D.C. 20529.

11. Defendant James B. Comey is the Director of the Federal Bureau of Investigation (FBI), whose office address is FBI, J. Edgar Hoover Building, 935 Pennsylvania Avenue, NW, Washington, D.C. 20535. As such, he is responsible for, *inter alia*, ensuring that a full criminal background check is completed for each individual applying for permanent residence. Pub. L. 105-119, tit. I, 111 Stat. 2440, 2448 – 49 (1997).

12. Each Defendant is sued in his or her official capacity as officers of the United States. Defendants Johnson, Rodriguez, Baran, and Colucci are responsible for, *inter alia*, the adjudication of applications and petitions for benefits provided under the Immigration and Nationality Act, including immigrant petitions such as the Form I-526 filed by Plaintiff, pursuant to 8 U.S.C. § 1103, 8 U.S.C. § 1153, 8 C.F.R. § 2.1, 8 C.F.R. § 103.1(a), and 8 C.F.R. § 204.5.

### III. JURISDICTION

13. Jurisdiction in this case is proper under 28 U.S.C. §§1331 and 1361, 5 U.S.C. §701 *et. seq.*, and 28 U.S.C. §2201 *et. seq.* Relief is requested pursuant to said statutes. Specifically, this Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and under 28 U.S.C. §1361, which provides district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff." Further, the Declaratory Judgment Act, 28 U.S.C. §2201, provides that: "[i]n a case of actual controversy within its jurisdiction… any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Review is also warranted, and relief sought, under the APA, 5 U.S.C. §701 *et seq.*, § 702, §706(1) and §555(b).

14. This action challenges the Defendants' procedural policies, practices, and failure to act, not the discretionary grant or denial of individual petitions or applications for relief. Therefore, this action is not subject to the jurisdiction-stripping provisions of 5 U.S.C. § 701(a)(2) and 8 U.S.C. § 1252(a)(2)(B). Furthermore, under the terms of INA § 1153(b)(5), the decision on the immigrant petition for which mandamus is sought is not a discretionary determination.

## IV. VENUE

15. Venue properly lies within the District of Columbia ("DC") pursuant to 28 U.S.C. §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant in the action resides. Defendants Johnson, Rodriguez, Colucci and Comey all perform a significant amount of their official duties and maintain their offices in Washington, D.C.

## V. EXHAUSTION OF REMEDIES

16. There are no administrative remedies available to the Plaintiff to redress the grievances described in the Complaint, as multiple inquiries with Defendants have been made by Plaintiff concerning the status of her I-526 Petition, all to no avail. In fact, Plaintiff has made numerous follow up inquires with USCIS and the USCIS Ombudsman's office in an attempt to ascertain when USCIS would adjudicate the petition. USCIS refuses to provide any time frame for adjudication. *See Exhibit 2*.

## VI. STAUTORY AND REGULATORY BACKGROUND

17. In 1990, Congress amended the Immigration and Nationality Act of 1965, allocating, *inter alia*, 10,000 immigrant visas per year to foreign nationals seeking Lawful Permanent

Resident ("LPR") status on the basis of their capital investments in the United States. *See generally* the Immigration Act of 1990, Pub. L. No. 101-649, § 121(b)(5), 104 Stat. 4978 (1990) (codified at 8 U.S.C. § 1153(b)(5)). Pursuant to the so-called "Immigrant Investor Program," foreign nationals may be eligible for an employment-based, fifth preference ("EB-5") immigrant visa if they have invested, or are actively in the process of investing, $1 million (or $500,000 in a high unemployment or rural area) in a qualifying for-profit entity (such as a commercial enterprise created after November 29, 1990), and if their capital investments will create or preserve at least ten (10) full-time, permanent jobs for qualified U.S. workers within the United States (namely, U.S. citizens, LPRs, asylees, or refugees). *See* 8 U.S.C. § 1153(b)(5)(A)-(D); *see also* 8 C.F.R § 204.6(a)-(j). The EB-5 regulations further provide that, in order to qualify as an "investment" in the EB-5 Program, foreign nationals must actually place their capital "at risk" for the purpose of generating a return, and that the mere intent to invest is not sufficient. *See* 8 C.F.R. § 204.6(j)(2).

18. In 1993, the Immigrant Investor Pilot Program ("Pilot Program") was established pursuant to the provisions of section 610 of the Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriation Act. *See* Pub. L. No. 102-395, § 601, 106 Stat. 1828, 1874 (1992). The eligibility requirements for foreign national-investors under the Pilot Program are essentially the same as in the standard EB-5 investor program, whereby the foreign national-investor may be eligible for an EB-5 immigrant visa on the basis of her capital investment of $1 million (or $500,000 in a high unemployment or rural area) in a qualifying for-profit entity that, in turn, creates or preserves at least ten (10) full-time, permanent jobs for qualified U.S. workers within the United States. *See generally* § 601 of Pub. L. No. 102-395; 8 C.F.R. § 204.6(m)(1)-(9). Unlike the standard EB-5 investor program, however, the Pilot Program provides for investments that are affiliated with an economic entity (public or private)

6

known as a "Regional Center." Investments made through USCIS-designated regional centers allow for a less restrictive job creation requirement based upon the creation of both "direct" and "indirect" jobs. *See* § 601(a)-(c) of Pub. L. No. 102-395; *see also* 8 C.F.R. § 204.6(e), (j)(4)(iii), (m)(7)(ii). Since its enactment in 1992, Congress has regularly reauthorized the Pilot Program, and in September 2012, Congress reaffirmed its commitment to the regional center model of investment and job creation by providing a three-year reauthorization of the regional center program through September 2015 and removing the word "pilot" from § 601 of Pub. L. 102-395. *See* S. 3245, 112th Cong. (2012). Most recently, the program has been reauthorized until September 30, 2016.

19. Despite this one-year extension, legislation has been proposed in Congress that would retroactively raise the minimum investment threshold for an EB-5 filing. If such legislation were enacted, Plaintiff's investment could be deemed as inadequate and her I-526 Petition could be denied.

20. For over twenty years, both the standard and regional center model immigrant investor programs have promoted Congress's intent to facilitate the immigration of foreign nationals whose capital investments into the U.S. economy would promote economic growth by improving regional productivity and creating jobs. *See* Pub. L. No. 102-395, § 601(a); *see also USCIS May 30, 2013 EB-5 Adjudications Policy Memorandum* ("The EB-5 program is based on our nation's interest in promoting the immigration of people who invest their capital in new, restructured, or expanded businesses and projects in the United States and help create or preserve needed jobs for U.S. workers by doing so."). USCIS administers both the standard and regional center model immigrant investor programs.

21. In order to become an LPR through both the standard and regional center-model program, a foreign national must initially file with USCIS a Form I-526, Immigrant Petition by Alien

Entrepreneur, which, if approved, makes the foreign national eligible to receive an employment-based, fifth preference immigrant visa, *see generally* 8 U.S.C. § 1153(b)(5). Upon approval of the I-526 Petition, the foreign national must file a Form I-485, Application to Adjust Status (if he is located in the United States), or a Form DS-230, Application for Immigrant Visa and Alien Registration (if he is located outside the United States). *See generally* 8 U.S.C. § 1201 (provisions relating to the issuance of entry documents), 8 U.S.C. § 1255 (provisions relating to adjustment of status). Upon adjustment of status or admission on an EB-5 immigrant visa, the foreign national is granted two-years of conditional permanent resident status, provided that the foreign national is not otherwise ineligible for admission into the United States. *See generally* 8 U.S.C. § 1182 (provisions relating to excludable aliens). Finally, at the conclusion of the two-year conditional period, the foreign national must file a Form I-829, Petition to Remove the Conditions on his or her LPR status. If the foreign national has fulfilled the EB-5 requirements, then the conditions will be removed and the foreign national will be an unconditional LPR. *See generally* 8 U.S.C. § 1186b (provisions relating to conditional permanent resident status for certain alien entrepreneurs, spouses, and children).

22. According to 8 U.S.C. §1571(b), "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition."

VII. **STATEMENT OF FACTS**

A. **Background on the Investment Project & Plaintiff's Investment**

23. The Plaintiff is a native and citizen of China who has filed an I-526 Petition seeking an employment-based, fifth preference immigrant visa. The Plaintiff's petition is predicated on her

capital investment of $500,000 into Regency Venture Fund Maui, LLLP (the "Company") a New Commercial Enterprise affiliated with the Hawaiian Islands Regional Center ("HIRC"), which was formed to provide funding for the development of a 175 bed skilled, assisted nursing and memory care facility in Kihei, Hawaii.

24. HIRC was initially designated as a USCIS-approved Regional Center on June 7, 2011 with a geographic territory that includes the State of Hawaii. HIRC was approved to offer EB-5 compliant investment opportunities in skilled nursing facilities with home health care services.

25. The project that is the subject of the Plaintiff's petition involves the development of a 175 bed skilled, assisted nursing and memory care facility with approximately 10,000 square feet of shipping/warehouse space to be used to deliver food goods, provide storage and to house equipment. (the "Project"). The development cost of the Project is anticipated to be approximately $20.5 million, and the Project is projected to generate substantial benefits for the regional economy, including 368 new jobs.

26. Funding for the Project includes approximately $18 million in EB-5 financing from up to 36 foreign-national investors each investing $500,000. Plaintiff made an equity investment of $500,000 into HIRC.

27. Plaintiff's funds have already been dispersed for use in the Project and remain at-risk.

28. In the event that the Project is sold prior to the removal of Plaintiff's conditions on her LPR status, the delay in adjudication of Plaintiff's I-526 Petition (which correspondingly delays the removal of her conditions) could result in Plaintiff being unable to remove conditions on her residence, which could result in Plaintiff being removed from the U.S.

29. Because of the Defendants' unreasonable delay in adjudicating the I-526 Petition, Plaintiff's EB-5 funds have been released for the Project, remain at risk, and Plaintiff has been unable to obtain conditional permanent residency or proceed to the I-829 stage to apply for

lawful permanent residency. The delay has prohibited Plaintiff from moving forward with the immigration process and potentially recouping her investment after obtaining lawful permanent resident status. The delay has caused Plaintiff's funds to remain at risk pending the outcome of a decision by USCIS.

30. On March 11, 2014, Plaintiff, transferred $500,020 from her account at China Merchants Bank to the escrow account of the company. At that time, Plaintiff's investment became active and irrevocably committed in accordance with EB-5 regulations and remains at risk due to the adjudication delay.

31. On March 28, 2014, Plaintiff, through counsel, filed her Form I-526, Immigrant Petition by Alien Entrepreneur, along with substantial documentation relating to the Project and her lawful source and path of investment funds. As of January 2016, USCIS processing times indicate a wait of approximately 15.5 months to review I-526 Petitions. *See Exhibit 3*.

32. At present, it has been more than **21 months** after the initial filing of Plaintiff's I-526 Petition, and USCIS has yet to adjudicate Plaintiff's Petition or provide any substantive feedback regarding when it will be adjudicated.

33. The Defendants' delay in adjudicating Plaintiff's I-526 Petition has created significant hardship for the Plaintiff and her family. For example, as a result of the delay in adjudication, the Plaintiff has incurred financial hardship by having her investment capital remain at risk indefinitely, as Plaintiff cannot potentially recoup her funds until the approval of her I-829 Petition. Additionally, the Defendants' delay in adjudicating Plaintiff's I-526 Petition has potentially jeopardized the future immigration prospects of the Plaintiff's spouse and two children in the event that the I-526 Petition is denied. Accordingly, the Defendants' delay in adjudicating the Plaintiff's I-526 Petition has relegated Plaintiff, her spouse and two children to

remain in a state of administrative limbo, which precludes them from coordinating their future personal, professional, and academic lives.

## VIII. SUMMARY OF CLAIMS

34. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Plaintiff has committed substantial time and resources preparing and filing her I-526 Petition. In spite of these efforts, however, Defendants have willfully and unreasonably delayed adjudicating Plaintiff's I-526 Petition, and have not provided any meaningful feedback regarding case status, beyond the form language contained in USCIS's case status updates indicating that the agency cannot provide Plaintiff with a completion date. USCIS has not provided any written decision or further written update regarding Plaintiff's I-526 Petition, thus leaving Plaintiff and her family in a state of administrative limbo.

35. Plaintiff has been, and continues to be, irreparably harmed by the delay in adjudicating her I-526 Petition, which has been pending with USCIS well in excess of the processing time on which she reasonably relied when she made her investment and the processing times anticipated by Congress.

36. Plaintiff has been relegated to a form of administrative limbo in which she is unable to obtain an employment-based, fifth preference immigration visa, and, thereafter, conditional lawful permanent resident status.

37. Plaintiff has irrevocably committed significant financial capital of over $500,000, for the purpose of qualifying for an EB-5 immigrant visa, funds to which Plaintiff has not had access for almost two years and which will continue to remain unavailable indefinitely pending USCIS's adjudication of her Petition.

38. The Defendants' protracted delay in adjudicating Plaintiff's I-526 Petition clearly contravenes Congress's intent that immigrant benefit applications be adjudicated "not later than 180 days after the initial filing of the application." 8 U.S.C. §1571(b).

## IX. CAUSES OF ACTION

### Count I

*(Violation of Administrative Procedure Act)*

39. Plaintiff incorporates paragraphs 1 through 38 as if fully stated in this Count.

40. Defendants' practices, policies, interpretations of law, conduct and failures to act violate the *Administrative Procedure Act*, as the alleged agency action is:

   a. "unlawfully withheld or unreasonably delayed," under 5 USC § 706(1);

   b. not concluded "[w]ith due regard for the convenience and necessity of the parties . . . and within a reasonable time," under 5 USC § 555(b);

   c. "arbitrary, capricious and an abuse of discretion or otherwise not in accordance with law," under 5 USC § 706(2)(A); and

   d. "without observance of procedures required by law," under 5 USC § 706(2)(D).

41. As a result, Plaintiff has suffered irreparable harm entitling her to relief.

### Count II

*(Petition for Mandamus)*

41. Plaintiff incorporates paragraphs 1 through 38 as if fully stated in this Count.

42. Defendants are charged with a duty to administer and enforce the Immigration and Nationality Act, pursuant to 8 U.S.C. §1103. Defendants Johnson, Rodriguez, Baran and Colucci have sole responsibility for the adjudication of applications and petitions for benefits provided under the Immigration and Nationality Act, including immigrant petitions such as the

Form I-526 filed by Plaintiff, pursuant to 8 U.S.C. § 1103, 8 U.S.C. § 1153, 8 C.F.R. § 2.1, 8 C.F.R. § 103.1(a), and 8 C.F.R. § 204.5. Upon information and belief, Defendant Comey has failed to conduct and/or provide the results of the requisite criminal background check relating to Plaintiff's I-526 Petition. Defendants have willfully and unreasonably delayed and refused to perform their clear, non-discretionary duties.

43. Plaintiff has a clear right to have her I-526 Petition adjudicated pursuant to the Immigration and Nationality Act.

44. Plaintiff has no administrative remedies available to compel Defendants to perform their statutory and regulatory duties. The Petition has been pending well beyond reasonable processing times.

45. Pursuant to 28 USC § 1361, Defendants must be compelled to discharge their statutory duties owed to Plaintiff so that Plaintiff may be promptly informed of the outcome of her I-526 Petition.

### Count III

*Equal Access to Justice Act*

46. Plaintiff incorporates paragraphs 1 through 38 as if fully stated in this count.

47. If Plaintiff prevails, she will seek attorney's fees and costs, pursuant to 5 USC § 504 and 28 USC § 2412. Plaintiff has retained the law firm of Klasko Immigration Law Partners, LLP to represent her in this action. Defendants are obligated to pay reasonable attorneys' fees and costs incurred in the prosecution of this cause.

## X. RELIEF REQUESTED

48. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

    a. granting Plaintiff a Writ of Mandamus and order under the A.P.A. requiring Defendants to adjudicate the pending I-526 Petition within 30 days;

    b. awarding Plaintiff reasonable attorney's fees;

    c. Granting such other relief at law and in equity as justice may require; and

    d. It is further requested that the Court retain jurisdiction over this matter to ensure Defendants' compliance with this Court's order.

Respectfully submitted this fourteenth day of January 2016.

*By counsel,*      /s/ Thomas K. Ragland

Thomas K. Ragland
D.C. Bar No. 501021
BENACH RAGLAND LLP
1333 H Street, N.W., Suite 900 West
Washington, DC 20005
T: (202) 644-8600
F: (202) 644-8615
E: tkragland@benachragland.com

*Counsel for the Plaintiff*